FILED
2019 Apr-19  AM 10:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

ELECTRONICALLY FILED
3/14/2019 1:36 PM
39-CV-2019-900052.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
BART BUCHANAN, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>39-<br>Date of Filing:<br>03/14/2019 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA**
**VICKIE MCGAUGH ET AL v. NORTHSTAR MORTGAGE GROUP LLC D/B/A MR. COOPER**

| First Plaintiff: | ☐ Business  ☑ Individual | First Defendant: | ☑ Business  ☐ Individual |
|---|---|---|---|
| | ☐ Government  ☐ Other | | ☐ Government  ☐ Other |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

| ORIGIN: | F ☑ INITIAL FILING | A ☐ APPEAL FROM DISTRICT COURT | O ☐ OTHER |
|---|---|---|---|
| | R ☐ REMANDED | T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT | |

| HAS JURY TRIAL BEEN DEMANDED? | ☐ YES  ☑ NO | **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure) |

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
HAR352          3/14/2019 1:36:01 PM           /s/ GEORGE ALEXANDER HARTLIN
                Date                            Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES  ☑ NO

DOCUMENT 2

Case 5:19-cv-00596-MHH   Document 1-1   Filed 04/18/19   Page 3 of 18

ELECTRONICALLY FILED
3/14/2019 1:36 PM
39-CV-2019-900052.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
BART BUCHANAN, CLERK

# IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

**Edward McGaugh and Vickie McGaugh,**

    **Plaintiffs,**

    vs.

**NORTHSTAR MORTGAGE GROUP, LLC , d/b/a MR. COOPER,
FICTITIOUS DEFENDANTS "A", "B", and "C" whether singular or plural, those other persons, firms and/or corporations whose conduct caused and/or contributed to cause the injuries sustained by PLAINTIFFS, all of whose
true and correct names are unknown to Plaintiffs at this time but will be Substituted by Amendment when ascertained,**

    **Defendants.**

Case No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

1.    Edward McGaugh ("EDDIE") is a resident of the State of Alabama and is over the age of 19 years. At the time of the incidents, which form the basis of this lawsuit, Eddie McGaugh was a resident of the State of Alabama, Jackson County.

2.    Vickie McGaugh ("VICKIE") is a resident of the State of Alabama and is over the age of 19 years. At the time of the incidents, which form the basis of this lawsuit, Vickie McGaugh was a resident of the State of Alabama, Jackson County.

3.    Defendant NORTHSTAR MORTGAGE GROUP, LLC d/b/a MR. COOPER ("Cooper") is a corporation doing business under the laws and requirements of the State of Alabama.

4.      Fictitious Defendants "A" through "C" are those persons, corporations, or other legal entities described more fully in the caption and incorporated herein, whose wrongful conduct, caused or contributed to cause the injuries of the Plaintiffs, whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment when ascertained. Specifically, these would be Defendants who work for or within the offices of the other Defendants and/or entities, and other private citizens who may be liable in their roles for mishandling calculations, misusing notices, improper supervision, fraudulently concealing information, misleading the Plaintiffs, or other conduct that would support the claims of the Plaintiffs here.

5.      On or before September 10, 1999, the Plaintiffs purchased a home secured by a mortgage. They have paid all payments due.

6.      As of October 16, 2014,, the Defendants held the mortgage.

7.      Around October 12, 2012, the Plaintiff Vickie McGaugh declared bankruptcy but still paid her payments to the Defendants for her mortgage.

8.      Around September 1, 2015, the trustee of the bankruptcy court mistakenly began making payments to the Defendants, thereby duplicating the monthly payments that were already being made by Plaintiff Vickie. This continued for approximately 12 months.

9.      Around July 2, 2018, the trustee of the bankruptcy court sent a letter to the Defendants telling them that they had been paid double for 12 months and that they needed to send back to the trustee $10,647.25 immediately.

10.     Around July 11, 2018, the Defendants sent a letter to the trustee saying they returned $10,647.25 to the trustee on or about July 5, 2018.

11.     However, around July 6, 2018, the Defendants sent a letter to the Plaintiffs saying the Plaintiffs still owed the Defendants $9,806.76, which was less than the the amount the Defendants had just paid back to the Trustee. However, this was fraudulent, because the Plaintiffs had also been making their monthly payments, so there was nothing overdue other than what the Defendants had been receiving in duplicate. There was no way the Defendants did not know this, as the Defendants were the ones receiving both payments. The Defendants continued to pursue the Plaintiffs for the amount they paid back to the Trustee of the bankruptcy court, and initiated a foreclosure proceeding on December 27, 2018.

12.     The Defendants hired McCalla, Raymer, Leibert, Pierce, LLC, a law firm in Birmingham, Alabama to handle the foreclosure sale. A notice was listed in the local newspaper of the sale.

13.     On January 11, 2019, Plaintiffs' attorney sent a letter to the Birmingham lawyer explaining that all payments had always been made, that the Defendants had been double paid, and that this was fraud on the part of the Defendants against the Plaintiffs.

14.     On January 22, 2019, Defendant's attorney informed Plaintiff's attorney that they had advised their client to stop the sale after seeing proof of all payments had been made, and the foreclosure sale was called off.

15.     Nevertheless, on February 26, 2019, continued their harassment and fraudulent scheme and sent a letter to Plaintiff's counsel maintaining that the Plaintiffs owed the claimed amounts. The Defendants continue their scheme to defraud and to harass the Plaintiffs to pay this fraudulent amount to this day.

## COUNT I
## WRONGFUL FORECLOSURE

"'"[a] mortgagor has a wrongful foreclosure action whenever a mortgagee uses the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor." *Reeves Cedarhurst Dev. Corp. v. First Amer. Fed. Sav. and Loan Ass'n*, 607 So. 2d 180, 182 (Ala. 1992), citing *Johnson v. Shirley,* 539 So. 2d 165, 168 (Ala. 1989). "If in any case [foreclosure] is attempted to pervert the power [of sale] from its legitimate purpose and to use it for the purpose of oppressing the debtor or of enabling the creditor to acquire the property himself, a court of equity will enjoin a sale or will set it aside if made." *Jackson v. Wells Fargo Bank, N.A.*, 90 So. 3d 168, 171 (Ala. 2012) (emphasis added) (quoting *Paint Rock Props v. Shewmake*, 393 So. 2d 982, 983-84 (Ala. 1981). Accordingly, a plaintiff does not need to show that a foreclosure sale transpired; rather, the plaintiff must show only that the defendant instituted foreclosure proceedings for a wrongful purpose or through wrongful means." *Watkins v. Regions Mortgage., Inc. et al,* 5:12-cv-03902-AKK.

16. Defendants, MR. COOPER, A, B, and C, initiated foreclosure proceedings for a wrongful purpose; that wrongful purpose was an attempt to obtain funds that they were not entitled to, to coerce the Plaintiffs into paying more money than they owed, to harass and intimidate the Plaintiffs, to inflict emotional distress on the Plaintiffs, to diminish their reputation, to embarrass the Plaintiffs, and to otherwise defraud the Plaintiffs.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitiously described, for compensatory and punitive damages in an amount determined by the jury to be sufficient to compensate them for all injuries and damages, and costs and interest.

## COUNT II
## FRAUD

17. Plaintiffs adopt and incorporate by reference all the foregoing language of this Complaint and further aver as follows:

18. Defendants misrepresented to the Plaintiffs that they had missed payments and that they owed the Defendants $14,643.60 in past due payments, plus $ 5684.12 for fees, legal expenses and interest for total amount of $20,327.72 "reinstatement amount due".

19. These facts were material in that they deprived Plaintiffs of their money and provided undue benefits to the Defendants.

20. The deception of the Defendants caused the Plaintiffs to suffer damages.

21. As a result of these misrepresentations, the Plaintiffs suffered mental anguish, emotional trauma, actual costs, actual losses, attorney fees, appraisal and expert fees, and other damages currently unknown but as may be discovered and amended hereto.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitiously described, for compensatory and punitive damages in an amount determined by the jury to be sufficient to compensate them for all injuries and damages, and costs and interest.

### COUNT III
### OUTRAGE

22. Plaintiffs adopt and incorporate by reference all the foregoing language of this Complaint and further aver as follows:

23. Defendants' conduct in misrepresenting facts to the Plaintiffs which resulted in the damages described above, was either intentional, reckless, or both. It was extreme and outrageous to harass the Plaintiffs and attempt to obtain double payments. This was the cause of the Plaintiffs' emotional trauma and distress, and thus it is the type of distress that is so severe that no reasonable person should have to endure it. Therefore, the Defendants are liable for the tort of outrage.

24. As a result of this intentional and/or reckless conduct by the Defendants, the Plaintiffs suffered mental anguish, emotional trauma, actual costs, actual losses, attorney fees, and other damages currently unknown but as may be discovered and amended hereto.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitiously described, for compensatory damages in an amount determined by the jury to be sufficient to compensate them for all injuries and damages, and costs and interest.

## COUNT IV
## NEGLIGENCE

25.    Plaintiffs adopt and incorporate by reference all the foregoing language of this Complaint and further aver as follows:

26.    Defendants had a duty to the Plaintiffs to fairly and properly act in good faith and with notice of all rights granted by the State of Alabama with regard to the Plaintiff's mortgage obligations.

27.    Defendants breached their duties to the Plaintiffs by improperly fraudulently attempting to obtain more money from the Plaintiffs than was owed, failing to use proper methods and procedure, harassing the Plaintiffs, inflicting emotional stress on the Plaintiffs, failing to inform the Plaintiffs, failing to comply with requests for communications, and other ways that shall be ascertained through discovery.

28.    These breaches were the proximate cause as to why the Plaintiffs were injured in the ways named in paragraph 27.

29.    As a result of these breached duties by the Defendants, the Plaintiffs suffered mental anguish, emotional trauma, actual costs, actual losses, attorney fees, and other damages currently unknown but as may be discovered and amended hereto.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitiously described, for compensatory and

punitive damages in an amount determined by the jury to be sufficient to compensate them for all injuries and damages, and costs and interest.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiffs adopt and incorporate by reference all the foregoing language of this Complaint and further aver as follows:

31. Defendants knew that the results of their actions would be injurious to the Plaintiffs, in that it would result in great stress, trauma, embarrassment, and hardship.

32. As a result of the conduct of the Defendants as described throughout this complaint, the Plaintiffs suffered mental anguish, emotional trauma, actual costs, actual losses, attorney fees, and other damages currently unknown but as may be discovered and amended hereto.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitiously described, for compensatory and punitive damages in an amount determined by the jury to be sufficient to compensate them for all injuries and damages, and costs and interest.

## COUNT VI
## SLANDER

33. Plaintiffs adopt and incorporate by reference all the foregoing language of this Complaint and further aver as follows:

34. The Defendants published false information about the Plaintiffs' owing them money in the newspaper.

35. As a direct result of these false statements, the Plaintiffs' reputation was diminished in the community and they suffered a great embarrassment amongst their friends, family, and community.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitiously described, for compensatory and punitive damages in an amount determined by the jury to be sufficient to compensate them for all injuries and damages, and costs and interest.

### COUNT VII
### LIBEL

36. Plaintiffs adopt and incorporate by reference all the foregoing language of this Complaint and further aver as follows:

37. The Defendants published false information about the Plaintiff owing them money in the newspaper.

38. As a direct result of these false statements, the Plaintiffs' reputation was diminished in the community and they suffered a great embarrassment amongst their friends, family, and community.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitiously described, for compensatory and punitive damages in an amount determined by the jury to be sufficient to compensate them for all injuries and damages, and costs and interest.

### COUNT VIII
### (FICTITIOUS PARTIES)

39. All foregoing Counts and causes of action stated herein or contained in any

subsequent amendment are hereby adopted and alleged against any fictitious party described in the caption and style of this or any Amended Complaint.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants, both named and fictitiously described, for compensatory damages in an amount determined by the jury to be sufficient to compensate them for all injuries and damages, and costs and interest, punitive damages, and all other damages permissible by law and deemed just and fair by this court and a jury of the Plaintiff's peers.

Respectfully submitted,

*/s/ George Hartline*
George Hartline (HAR352)
Attorney for Plaintiffs
Hartline Law Office
P. O. Box 577
Scottsboro, AL 35768
Phone:  256-999-0202
Facsimile:  800-878-3184
ghartline@hartlinelaw.com

**PLAINTIFFS HEREBY DEMAND A TRIAL BY STRUCK JURY**

*/s/ George Hartline*
George Hartline (HAR352)
Attorney for Plaintiffs

PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:

**Northstar Mortgage Group, L.L.C. d/b/a Mr. Cooper**
Registered Agent:    C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104



AlaFile E-Notice

39-CV-2019-900052.00

To: GEORGE ALEXANDER HARTLINE III
ghartline@hotmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

VICKIE MCGAUGH ET AL V. NORTHSTAR MORTGAGE GROUP LLC D/B/A MR. COOPER
39-CV-2019-900052.00

The following complaint was FILED on 3/14/2019 1:36:52 PM

Notice Date:     3/14/2019 1:36:52 PM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov



AlaFile E-Notice

39-CV-2019-900052.00

To: NORTHSTAR MORTGAGE GROUP LLC D/B/A MR. COOPER
C/O C T CORPORATION SYSTE
2 NORTH JACKSON ST, #605
MONTGOMERY, AL, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

VICKIE MCGAUGH ET AL V. NORTHSTAR MORTGAGE GROUP LLC D/B/A MR. COOPER
39-CV-2019-900052.00

The following complaint was FILED on 3/14/2019 1:36:52 PM

Notice Date:    3/14/2019 1:36:52 PM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>39-CV-2019-900052.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA**
**VICKIE MCGAUGH ET AL V. NORTHSTAR MORTGAGE GROUP LLC D/B/A MR. COOPER**

**NOTICE TO:** NORTHSTAR MORTGAGE GROUP LLC D/B/A MR. COOPER, C/O C T CORPORATION SYSTE 2 NORTH JACKSON ST, #605, MONTGOMERY, AL, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GEORGE ALEXANDER HARTLINE III,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO BOX 577, SCOTTSBORO, AL 35768.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of VICKIE MCGAUGH pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

3/14/2019 1:36:52 PM         /s/ BART BUCHANAN         By: _____
*(Date)*                      *(Signature of Clerk)*         *(Name)*

☑ Certified Mail is hereby requested.        /s/ GEORGE ALEXANDER HARTLINE III
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County, Alabama on _____.

*(Name of Person Served)*      *(Name of County)*

*(Date)*

_____          _____          _____
*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

                         _____          _____
                         *(Server's Printed Name)*   *(Phone Number of Server)*

# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

7018 0680 0001 3026 1966

| Certified Mail Fee | |
|---|---|
| $ | |

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy)  $ _____
- ☐ Return Receipt (electronic)  $ _____
- ☐ Certified Mail Restricted Delivery  $ _____
- ☐ Adult Signature Required  $ _____
- ☐ Adult Signature Restricted Delivery  $ _____

Postmark Here

Postage
$

Total Postage and Fees
$

Sent To: *Nationstar Mort. DfBfA Mr. Cooper*

Street and Apt. No., or PO Box No.

City, State, ZIP: *CV19-900052 D001*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

# SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Monstah Mort Group, LLC
   d/b/a Mr. Cooper
   c/o Corp. System
   2 N. Jackson St., 605
   Montgomery, AL 36104 001

   CV18-900653

2. Article Number (Transfer from service label)

   7018 0680 0001 3026 1966

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Zina McKuno_   ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

   Zina McKuno                 MAR 2 0 2019

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ ⬚ Mail
   ☐ ⬚ Mail Restricted Delivery
       (500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

9590 9402 4193 8121 9383 99

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

United States Postal Service

USPS TRACKING #

9590 9402 4193 8121 4383 99

• Sender: Please print your name, address, and ZIP+4® in this box•

Bart Buchanan, Circuit Clerk
102 E. Laurel St., Suite 307
Scottsboro, AL 35768

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



AlaFile E-Notice

39-CV-2019-900052.00
Judge: JENIFER C. HOLT

To: HARTLINE GEORGE ALEXANDER
ghartline@hotmail.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

VICKIE MCGAUGH ET AL V. NORTHSTAR MORTGAGE GROUP LLC D/B/A MR. COOPER
39-CV-2019-900052.00

The following matter was served on 3/20/2019

**D001 NORTHSTAR MORTGAGE GROUP LLC D/B/A MR. COOPER**
**Corresponding To**
CERTIFIED MAIL

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov