UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **EDWARD and VICKIE MCGAUGH,** | ) |
| **Plaintiffs,** | ) |
| v. | ) |
| **NORTHSTAR MORTGAGE GROUP, LLC, d/b/a MR. COOPER, and FICTITIOUS DEFENDANTS "A", "B", and "C" whether singular or plural, those other persons, firms and/or corporations whose conduct caused and/or contributed to cause the injuries sustained by PLAINTIFFS, all of whose true and correct names are unknown to Plaintiffs at this time but will be Substituted by Amendment when ascertained,** | ) ACTION NO.  5:19-CV-00596-NHH |
| **Defendants.** | ) |

## AMENDED NOTICE OF REMOVAL

Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar")[1] hereby files this Amended Notice of Removal of the pending civil action styled *McGaugh v. Nationstar, et al.*, in the Circuit Court of Jackson County, Alabama, Case No. 39-CV-2019-900052.00, to the United States District Court for the Northern District of Alabama, Northeastern Division.[2] Nationstar incorporates its original Notice of Removal – including all exhibits – as if fully set forth herein. (*See* Doc. 001.)  In support, Nationstar states as follows:

---

[1] The Complaint (Doc. 002) and the caption names "Northstar Mortgage Group, LLC d/b/a Mr. Cooper" as the defendant. The undersigned counsel has spoken with opposing counsel, and this was a typographical error. Plaintiff intended to name **Nationstar Mortgage, LLC d/b/a Mr. Cooper** as the defendant, and served Nationstar Mortgage, LLC as the defendant. Counsel respectfully requests that the caption for this action be altered accordingly.

[2] By removing this proceeding, Nationstar does not waive, and shall not be deemed to have waived, any objections to jurisdiction, or any other defenses, all of which are expressly reserved.

**MEMORANDUM OF LAW**

1.  **The Complaint**. On March 14, 2019, Plaintiffs Edward McGaugh and Vickie McGaugh, (collectively, "Plaintiff") filed a complaint in the Circuit Court of Jackson County, Alabama (the "State Court Action"), naming Nationstar as a defendant.[3] Nationstar was served with the complaint in the State Court Action on or about March 20, 2019. A true and correct copy of the complete State Court Action file is attached to the original Notice of Removal (Doc. 001) as **Exhibit A**. It is this action that Nationstar removes to this Court.

2.  **All Defendants Join.**  Nationstar is the only named defendant in this action, and therefore all defendants have joined in this removal, as required by 28 U.S.C. § 1446(b)(2).

3.  **The Petition for Removal is Timely**. Nationstar was served with the Summons and Complaint on or about March 20, 2019. Thus, this Notice of Removal is timely filed within thirty (30) days as prescribed in 28 U.S.C. § 1446(b)(1).

4.  **Basis for Removal.** This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of different States. As alleged in the Complaint, Plaintiffs Edward McGaugh and Vickie McGaugh are residents of the State of Alabama. (*See* Exhibit A at p. 1, Complaint ¶¶ 1-2.) As stated in Defendant Nationstar's Corporate Disclosure Statement being filed contemporaneously with this Notice of Removal (a true and correct copy of which is attached to the original Notice of Removal (Doc. 001) as **Exhibit B**), Nationstar is a limited liability company organized in the State of Delaware, and is an indirect, wholly-owned subsidiary of Nationstar Mortgage Holdings, Inc., a Delaware Company. Nationstar is directly owned by two entities: (1) Nationstar Sub1 LLC ("Sub1") (99%) and (2) Nationstar Sub2 LLC ("Sub2") (1%). Both Sub1 and Sub2 are Delaware limited liability

---

[3] *See supra* n. 1.

companies that are 100% owned by Nationstar Mortgage Holdings Inc. (*See* Doc. 001 at <u>Exhibit B</u>.) **Nationstar Mortgage, LLC, Sub1, Sub2, and Nationstar Mortgage Holdings, Inc. each maintain their principal place of business at <u>350 Highland Drive, Lewisville, Texas 75067</u>.** This action is therefore between citizens of different States.

The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, because the preponderance of the evidence shows that Plaintiffs are seeking at least $301,500.00 in damages. Specifically, Plaintiffs' initial settlement demand equaled $301,500.00. (*See* Dec. 12, 2018 Demand Letter at p. 3, ¶ 1, a true and correct copy of which is attached to the original Notice of Removal (Doc. 001) as **<u>Exhibit C</u>**); (*see also* Affidavit of Michael Taunton, a true and correct copy of which is attached to the original Notice of Removal (Doc. 001) as **Exhibit D**.) This settlement demand constitutes an "other paper" under 28 U.S.C. § 1446(b)(3) & (c)(3)(A).[4] This action, therefore, properly may be removed to this United States District Court pursuant to 28 U.S.C. §§ 1441(b).

Furthermore, venue for removal is proper in this District and Division under 28 U.S.C. §§ 81(a)(2) and 1446(a) because this District and Division embrace the Circuit Court of Jackson County, Alabama, the forum in which the removed action was pending.

---

[4] Under Eleventh Circuit precedent and the rulings of this District Court, this is sufficient to prove the amount in controversy for purposes of removal. *See*, *e.g.*, *Partridge v. Target Corporation*, 2011 WL 13229686, *3 (N.D. Ala. July 11, 2011) (using settlement demand to establish amount in controversy); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, n. 62 (11th Cir. 2007) ("In the second category of cases, the statute requires that jurisdiction be established by 'an amended pleading, motion, order, or other paper.' § 1446(b). . . . What constitutes 'other paper,' however, has been developed judicially. Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify. They include: . . . settlement offers.") (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir.2000)); *Williams v. Walgreen Co.*, 2018 WL 1697388, *2 (N.D. Ala. Apr. 6, 2018) ("Defendant attached Plaintiff's settlement demand in the amount of $200,000, when it removed the case. The settlement demand is admissible evidence of the amount in controversy at the time of removal. '[N]umerous types of documents have been held to qualify' as 'other paper,' under 28 U.S.C. § 1446(b) and can serve as a basis for removal.") (citations omitted).

3

5.     **Notice is Being Given Contemporaneously**.  Contemporaneously with the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), Nationstar is providing written notice of this removal to Plaintiffs through Plaintiffs' attorney of record in the State Court Action. Nationstar also is filing contemporaneously with the Circuit Court of Jackson County a Notice of Filing Notice of Removal ("Notice of Filing") and copy of this Notice of Removal. A true and correct copy of the Notice of Filing is attached to the original Notice of Removal (Doc. 001) as **Exhibit E**.

WHEREFORE, Nationstar removes this action from the Circuit Court of Jackson County, Alabama to this Court.

Respectfully submitted the 24th day of April, 2019.

*/s/ Michael P. Taunton*
One of the Attorneys for Defendant
Nationstar Mortgage LLC

**OF COUNSEL:**
Gregory C. Cook
Ginny Willcox Leavens
Michael P. Taunton
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
Telephone: (205) 251-8100
E-mail:     gcook@balch.com
            gwillcox@balch.com
            mtaunton@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed with the Clerk of Court on this the 24th day of April, 2019, using the CM/ECF system and served upon the following by U.S. Mail (Certified), properly addressed and postage prepaid:

George Hartline
Hartline Law Office
4429 AL HWY 35
Section, AL 35771

>                                        */s/ Michael P. Taunton*
>                                        Of Counsel